IN THE

# United States District Court for the District of Maine

| | | |
|---|---|---|
| ANDREW U. D. STRAW, | ) | Case#: |
| *Plaintiff*, | ) | |
| | ) | Hon. |
| v. | ) | Judge Presiding |
| | ) | Hon. |
| UNIVERSITY OF MAINE, | ) | Magistrate Judge |
| *Defendant*. | ) | |
| | ) | JURY TRIAL NOT DEMANDED |

## COMPLAINT

COMES NOW, *pro se Plaintiff* ANDREW U. D. STRAW (hereinafter "Plaintiff"), individually, hereby state as follows as a person with severe mental disabilities alleging ADA Titles II & V violations during my Medical Withdrawal, namely continued **harassment with failing grades** in classes from which I had withdrawn with a certification from my doctor about my schizophrenia resulting from chemical exposure at Camp LeJeune, North Carolina, where I was born in 1969. To wit:

### I.     FACTS: ADA & CAMP LEJEUNE WATER CONTAMINATION

1. This Complaint alleges a federal cause of action and is brought solely pursuant to 42 U.S.C. §§ 12132 & 12203 for discrimination and retaliation.

2. I have been a graduate student at University of Maine since 2023 admission and took one class in 2024, earning an A grade.

3. I withdrew from 2 classes in Fall 2024 when my brother and my ex-partner (2018-2024) ran off together, injuring me severely emotionally.

4. I was born at Camp LeJeune, North Carolina, during the toxic water time. *Straw v. Wilkie*, 32 Vet. App. 374, 375 (2020); *Straw v. Wilkie*, 20-2090, 843 F. App'x 263 (Fed. Cir. 1/15/2021).

5. See also: 38 CFR § 17.400(b)(xiv) (neurobehavioral effects)

    https://www.law.cornell.edu/cfr/text/38/17.400

6. **Schizophrenia** is one of my claimed illnesses from that exposure. *Straw v. U.S.*, 7:23-cv-162-BO-BM (E.D.N.C.) (**Dkt. 55** Short Form Complaint; *IFP* granted 5/6/2024 at **Dkt. 82**); *Camp Lejeune Water Litigation v. United States*, 7:23-cv-00897 (E.D.N.C.)

7. https://www.courtlistener.com/docket/66839685/straw-v-united-states/

8. https://www.courtlistener.com/docket/66839685/82/straw-v-united-states/

9. https://www.courtlistener.com/docket/67266149/camp-lejeune-water-litigation-v-united-states/

10. https://camplejeunecourtinfo.com/faq/

11. See: http://organs.andrewstraw.com and http://cljaclaims.andrewstraw.com and http://disabilities.andrewstraw.com are some of my advocacy.

12. I have been an advocate for the child victims for over 10 years and founded this FB group: **Children of Camp LeJeune**.

    https://web.facebook.com/groups/ChildrenofCampLeJeune

13. I also founded **Disability Party**: https://web.facebook.com/DisabilityParty

14. My schizophrenia worsened due to stress and I asked my professors to issue me an "A" grade in **DIS 520** (a disability studies class) and **PAX 591** (a peace and forgiveness studies class) at University of Maine, where I was an enrolled graduate student. I had an A, 4.0, GPA from the one course I had completed with the same Disability Studies professors in 2024.

15. I asked this based on my exclusively 100% submission grades in DIS 520 up to when my symptoms were too much to allow university coursework. I also asked my professors to consider my copious state and federal court work on disability rights and Camp LeJeune issues.

16. For instance: http://all.andrewstraw.com and www.andrewstraw.com *inter alia*.

17. This request was refused and 2 failing grades were issued as an F in DIS 530 and an L in PAX 591 after I stopped participating.

18. My DIS 520 professor promised me to give an L grade and supported medical withdrawal but decided to issue an F instead.

19. Instead of agreeing to any accommodation, my PAX 591 instructor said via email that my use of the CC (carbon copy) email feature was against university etiquette. I feel that response was **retaliatory** after my accommodation requests. It also smelled like a First Amendment violation. 42 U.S.C. § 1983.

20. As a result, I experienced severe shame and humiliation feelings as I awaited Medical Withdrawal. Having to assert my schizophrenia getting worse as a reason to withdraw was embarrassing and painful enough.

21. After Dean Delacorte approved my Medical Withdrawal on or about **June 6, 2025**, and Ms. Boucher in the Graduate School CC copied notice to the university student financial aid office, that office shoved the failing grades in my face about a week later. (**Ex. 1**). The failing grades have remained on my University of Maine record as of **June 14, 2025**. (**Ex. 2**).

22. I was **severely humiliated** by this, I believe comparable to a paralyzed man being splashed with urine by a state actor covered by ADA Titles II & V. *Barnes v. Gorman*, 536 U.S. 181 (2002). That humiliation was worth $1,000,000 in compensatory ADA Title II damages, allowed by the Supreme Court.

23. University of Maine professors are state actors, as are the other officers in the financial aid office and the Graduate School.

24. My doctor in the Philippines, Dr. Edwin P. Sulit, certified that my symptoms were from Camp LeJeune toxic water and became worse such that I need to avoid stress, including all university coursework. That prompted my Medical Withdrawal to be approved by a university dean.

## JURISDICTION AND VENUE

25. At all times relevant to the allegations contained within this Complaint, Defendant was a state actor whose employees' actions are at issue here.

26. Defendant is liable for damages caused to Plaintiff as a result of the acts and omissions complained of herein, which were performed by agents, servants, and/or employees acting within the course and scope of their employment with Defendant.

27. Defendant is liable under the ADA, Titles II & V, I claim. 42 U.S.C. §§ 12132 & 12203 and their DOJ implementing regulations. Also, its employee, Jason Canniff (PAX 591 instructor) attempted to suppress my use of CC in complaint emails, implicating the First & 14th Amendments to the U.S. Constitution & 42 U.S.C. § 1983.

28. The United States District Court for the District of Maine has jurisdiction on these facts because the alleged violations occurred in Maine. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as federal law and constitutional questions are raised. Moreover, the amount in controversy exceeds $75,000, exclusive of interest and costs.

## II.   THE PLAINTIFF

29. Plaintiff Andrew U. D. Straw is currently a resident of San Juan, Occidental Mindoro, The Philippines.

30. Physical ADDRESS, PHONE, & EMAIL :

    Sitio Boundary, Aniar Residence
    Brgy Mapaya III
    San Jose
    Occidental Mindoro 5101
    The Philippines
    (63) 956-892-6403 (Cell)
    andrew@andrewstraw.com

31. USA contact information:

    9169 W. State ST, STE 690
    Garden City, ID 83714-1733
    Mobile Phone: (847) 807-5237
    andrew@andrewstraw.com
    http://www.andrewstraw.com

## III.   CONGRESS ABOLISHED IMMUNITIES

32. Defendant is not immune. 42 U.S.C. § 12202

## COUNT I: ADA TITLES II & DISCRIMINATION & RETALIATION

33. Plaintiff incorporates by reference the allegations of the preceding paragraphs.

34. Plaintiff seeks compensatory damages the Court may find appropriate on the facts after a bench trial.

## COUNT II: FIRST & FOURTEENTH AMENDMENT VIOLATIONS

35. Plaintiff incorporates by reference the allegations of the preceding paragraphs.

36. Plaintiff seeks compensatory and punitive damages the Court may find appropriate on the facts after a bench trial.

## CLAIM FOR RELIEF

37. Plaintiff respectfully requests the Court to enter judgment against the UNIVERSITY OF MAINE and award damages and all other appropriate relief for the harm to Plaintiff Andrew U. D. Straw that was caused by the acts and omissions of Defendant by its employees and officers.

38. Damages for **Count I** should be set at $1,000,000.

39. Damages for **Count II** should be set at $10,000.

40. Attorney and expert fees should be authorized for plaintiff. 42 U.S.C. §§ 12205 & 1988(b, c)

41. Plaintiff Andrew U. D. Straw also seeks **an injunction** to prevent any further injuries or retaliation.

## TRIAL DEMAND

42. Plaintiff requests a bench trial.

## *IN FORMA PAUPERIS* & SERVICE OF SUMMONS & COMPLAINT

43. Plaintiff seeks *IFP* status to pursue his claim. The 4th Circuit U.S. Court of Appeals granted this *IFP* status to Plaintiff Straw in 2023. *In re Andrew U. D. Straw*, 23-1120 (4th Cir. 2023). EDNC in 2024.

44. Service of the summons and complaint is by the Court under FRCP 4(c) and 28 U.S.C. § 1915(d) should *IFP* be granted.

I, Andrew U. D. Straw, verify that the above factual contentions and statements are true and correct to the best of my knowledge, information, and belief, on penalty of perjury. Signed: June 17, 2025.

Respectfully,

*[signature: Andrew A. D. Straw]*

s/ ANDREW U. D. STRAW
9169 W. State ST, STE 690
Garden City, ID 83714-1733
Mobile Phone: (847) 807-5237
andrew@andrewstraw.com

## CERTIFICATE OF SERVICE

I, Andrew U. D. Straw, certify that on <mark>June 17, 2025</mark>, I sent this **COMPLAINT** with **EXHIBITS**. Included herewith are a **COVERSHEET** and **APPLICATION FOR *IFP* STATUS** and **ENOTICE, MJ CONSENT**, via email to the Clerk of Court.

Respectfully submitted,

*[signature]*

s/ ANDREW U. D. STRAW
*Pro Se Plaintiff*
9169 W. State ST, STE 690
Garden City, ID 83714-1733
Mobile Phone: (847) 807-5237
andrew@andrewstraw.com

## EXHIBIT LIST

- **EXHIBIT 1** – Financial Aid Grades Message, 6/13/2025, accessed 6/14/2025
- **EXHIBIT 2** – Failing grades in University of Maine record, 6/14/2025
- **EXHIBIT 3** – Dr. Sulit Schizophrenia Certification, 6/4/2025