# FRIVOLOUS: USES & ABUSES

"Frivolous" is a term of art used by legislatures and courts and commentators in the public to describe lawsuits and arguments that don't have a very strong foundation. However, the different uses of it show that it is too vague and can be used to abuse political opponents. It should be abandoned in favor of neutral and fair assessments of merit without punishments attached. Courts don't need **frivolous** to function.

| *In Forma Pauperis (IFP)* | NOTES |
|---|---|
| [28 U.S.C. § 1915(e)](https://) is the gateway for poor people who want to use a federal court without fees or costs imposed. If these conditions are met, ***IFP*** must be **denied** or the case must be **dismissed:** | Frivolous is undefined but one can say ***what it is not*** under this statute by reviewing the other things listed, since a statute may not be deemed to be redundant and every part should be given effect. |
| **(e)(1)** The court may request an attorney to represent any person unable to afford counsel. **(e)(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, ==the court shall dismiss the case== at any time if the court determines that— | Frivolous is not the same thing as **malicious** and so a case may be "frivolous" and not allowed for *In Forma Pauperis*, but also not brought with malice. |
| | Frivolous is not the same thing as **failing to state a claim** because there is a separate subsection for *that*. |
| **(A)** the allegation of ==poverty is untrue==; or | Frivolous is not the same thing as **suing an immune defendant** because there is a separate subsection for *that*. |
| **(B)** the action or appeal— **(i)** is **frivolous** or **malicious**; **(ii)** **fails to state a claim** on which relief may be granted; or **(iii)** seeks monetary relief against a defendant who is **immune** from such relief. | In other words, one can lose by failing to state a claim or suing an immune defendant and this does not mean that a case is frivolous. ==Merely losing does not imply that a case is frivolous.== It takes more. |
| | ==Even a malicious case may not be frivolous== because malicious and frivolous ==do not mean the same thing==. |

| | |
|---|---|
| **Dismissing a lawsuit** | |
| A court can dismiss a lawsuit with or without calling it frivolous. | A court can say a complaint is frivolous when it does have facts alleged and a legal theory, but generally this is considered *dicta* attached to a dismissal. Without a formal Rule 11 proceeding, when a judge says "frivolous" in an order, it is mere surplusage done to insult the side that is disfavored. *See*, *The Public Insult Playbook: How Abusers in Power Undermine Civil Rights Reform*, by Professor Ruth Colker. |
| A court can say *dismissed*, GRANT a motion to dismiss, give reasons, and never use the word frivolous at all. A litigant can lose and even be wrong without a judge calling the case frivolous. | |
| Someone tends to lose in every case and the opposing party's losing arguments are not always deemed frivolous. Use of the term frivolous tends to mean more than losing. | A judge does this when political and personal choices are part of the decision and the judge wants to insult the losing side so as to discourage appeal and discourage others from bringing similar claims with which the judge disagrees. |
| A judge saying frivolous is like losing with a smack to the face. | |
| Typically, to be dismissed as frivolous, there must be BOTH no judiciable fact presented (such as lack of documentation and argument) AND no law (basis of a claim) that has any relationship to the facts presented. | This is how constitutional arguments by NAACP lawyers for racial fairness in housing were labeled as frivolous in 1926 but the same rights became law in later cases and the Fair Housing Act. |
| Ex. of *abuse* of frivolous by SCOTUS: | It is not that the housing rights alleged were without any reason. NAACP did not do anything malicious in asking for these rights and it did state a claim because the Supreme Court backtracked in 1948, unanimously. The Supreme Court was simply saying NAACP was wrong in its legal theory, but it only was wrong in 1926. This was an abuse of the term frivolous since law reform is an acceptable reason for pursuing arguments that fail. One does not know whether a civil rights argument will fail without testing it. Such legal theory testing helps Congress to know when new civil rights laws are needed. |
| In *Corrigan v. Buckley*, 271 U.S. 323, 329 (1926), NAACP asked for racial fairness in housing to be covered by the 14th Amendment. The U.S. Supreme Court called that argument frivolous. | |
| Frivolous was the Court simply being hostile and laying down a line and warning. Later, a 6-0 majority of the Supreme Court said the exact opposite, that the 14th Amendment does apply to racial housing covenants. *Shelley v. Kraemer*, 334 U.S. 1 (1948). This shows frivolous can be subjective and abusive. | |

| | |
|---|---|
| FRCP Rule 11(b)<br><br>The Federal Rules of Civil Procedure provide a means for a judge to punish bad behavior, including filing meritless cases.<br><br>11(b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—**an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:**<br>(1) it is not being presented for any ==improper purpose==, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;<br><br>(2) the claims, defenses, and other legal contentions are warranted by existing law or by a ==nonfrivolous argument== for extending, modifying, or reversing existing law or for establishing new law;<br><br>(3) the ==factual contentions have evidentiary support== or, if specifically so identified, will ==likely have evidentiary support== after a reasonable ==opportunity== for ==further investigation or discovery==; and<br><br>(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.<br><br>11(c) Sanctions.<br>(1) *In General.* If, after ==notice and a reasonable opportunity to respond==, the court determines that Rule 11(b) has | It is easy to see how this is a subjective standard rather than objective because it can only be invoked if a certain scienter requirement is met.<br><br>In other words, this is ==criminal law== with *mens rea* and *actus reus* attached. If a person does says that no bad behavior was evident based on the person's knowledge, information, and BELIEF, it is hard to see how Rule 11(b) could be used to punish such a person.<br><br>Rule 11(b) is a **criminal provision** due to the ability of the Court to impose fines and other sanctions in Rule 11(c).<br><br>Frivolous is again not defined but is included in the Rule 11(b)(2) language. One can make an argument for extending, modifying, or reversing or establishing new law. That seems like a very broad set of conditions where arguments can be made without punishment.<br><br>Frivolous is again provided to let a judge punish someone simply for disagreeing and wanting change. Such as arguing that the 14th Amendment covers housing and race, which was ==frivolous in 1926== but ==unanimous SCOTUS law in 1948==.<br><br>Frivolous is a designation that appears when a judge really does not like the argument or the person. It implies bias is present in the judge because any case can simply be dismissed without using the term frivolous at all. |

| | |
|---|---|
| been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.<br>(2) *Motion for Sanctions.* A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b) . The motion must be served under Rule 5 , but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.<br>(3) *On the Court's Initiative.* On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b) .<br>(4) *Nature of a Sanction.* A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.<br>(5) *Limitations on Monetary Sanctions.* The court must not impose a monetary sanction: | Invoking a broad statute like the ADA and being a person covered by such a statute (disabled in that case) should preclude any judge from ever using the word frivolous.<br><br>To say frivolous when a disabled person invokes the ADA is to say that using the statute is disfavored. Why? Because the statute itself says that all that is required to use it is an ALLEGATION of discrimination.<br><br>The language is absolutely transparent and supports that conclusion:<br><br>42 U.S.C. § 12133 (ADA Title II):<br><br>The remedies, procedures, and rights set forth in section 794a of title 29 shall be the remedies, procedures, and rights this subchapter provides to any person ==alleging discrimination== on the basis of disability in violation of section 12132 of this title.<br><br>If a person is **adjudicated as physically or mentally disabled**, they have a right to present the actions of others and claim it to be discriminatory or retaliatory under ADA Titles I, II, III, or V.<br><br>Once a person has been adjudicated as disabled in one court, every other court must follow that determination. This is the essence of *res judicata*. It is a thing ==already decided==. Once that door has been opened once, it's not frivolous for that person to present evidence and want relief. A judge can disagree about whether acts are discriminatory, but ==abusing frivolous to attack a disabled person for using the ADA is heinous.== |

| | |
|---|---|
| (A) against a represented party for violating Rule 11(b)(2) ; or<br>(B) on its own, unless it issued the show-cause order under Rule 11(c)(3) before voluntary dismissal or settlement of the claims made by or against the party that is, or whose attorneys are, to be sanctioned.<br>(6) *Requirements for an Order.* An order imposing a sanction must describe the sanctioned conduct and explain the basis for the sanction.<br><br>If there is no hearing, there can be no Rule 11(c) sanction.<br><br>If the ORDER does not describe what is sanctioned and explain the basis, it is not a valid ORDER under FRCP Rule 11(c)(6).<br><br>Simply commenting in a dismissal order that a case was frivolous does not invoke Rule 11 whatsoever. Saying frivolous does not provide a hearing or due process and it does not impose any sanction.<br><br>==Frivolous without more is therefore *dicta*== and not enforceable as anything more than that elsewhere. | Abusing any civil rights law using frivolous as the reason simply should make any observer say that this is no different from *Corrigan v. Buckley*, 271 U.S. 323, **329** (1926) and *Shelley v. Kraemer*, 334 U.S. 1 (1948), which overturned it.<br><br>The Supreme Court overturns precedents all the time. It is regular feature of that Court to be political and change its positions with new justices on the Court. It happened with abortion. It happened with sodomy and gay marriage in such an extreme about face that what was once allowed to be criminalized was turned into a right to marry that person.<br><br>It is very easy for a Court to say stare decisis mandates a frivolous determination but that's not fair at all. One does not know the internal thoughts of a justice until they decide.<br><br>Since **FRIVOLOUS is a criminal provision** under FRCP Rule 11(c), the Rule of Lenity should provide that frivolous is rarely invoked because the highest federal courts change their minds on even the most basic of rights and legal interpretations.<br><br>It is also critically important that notice and an opportunity to be heard are provided prior to any sanction under Rule 11(c). A Court does not just get to churn out punishment without due process just because the Court doesn't like a litigant or the law he or she invokes. There are even requirements of the ORDER. It must describe what is punished and explain the basis. |

| ABA Model Rule 3.1 | |
|---|---|
| State courts enforce Rule 3.1, which is the equivalent of FRCP Rule 11 but much easier to invoke because that Rule 3.1 does not include the due process provisions or the explanations required by Rule 11(c).<br><br>Rule 3.1. Meritorious Claims and Contentions:<br><br>A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law. A lawyer for the defendant in a criminal proceeding, or the respondent in a proceeding that could result in incarceration, may nevertheless so defend the proceeding as to require that every element of the case be established.<br><br>Comments<br><br>[1] The advocate has a duty not to abuse legal procedure. The law, both procedural and substantive, establishes the limits within which an advocate may proceed. However, ==the law is not always clear and never is static==. Accordingly, in determining the proper scope of advocacy, account must be taken of the law's ambiguities and potential for change.<br><br>[2] The filing of an action or defense or similar action taken for a client is not frivolous merely because the facts have not first been fully substantiated or | The way Rule 3.1 is applied in fact, *dicta* of frivolous by a federal judge can become actionable by a state supreme court that had no jurisdiction over any federal court matter.<br><br>One would think that a state court would refuse to invoke Rule 3.1 unless the federal court gave due process under Rule 11(c), but that is not how the Indiana Supreme Court has ruled.<br><br>The Indiana Supreme Court has ruled that it can take anything from a federal court case, any irritated comment by a federal judge and impose 180 days of suspension to an Indiana state lawyer such as Andrew U. D. Straw. And then, after thrusting Straw into immediate poverty, leave a $500 review fee in place to discourage him from reinstatement to Active or Disability Status. *In re Straw*, 68 N.E.3d 1080 (Ind. 2/14/2017)<br><br>Indiana showed it can threaten Rule 3.1 to influence a disabled lawyer into agreeing to Disability Status. The IADC in Indiana offered Disability Status to Straw without sanction and when he refused, wanting to stay active and have clients and earn money in his profession, IADC wanted 60 days of suspension without automatic reinstatement. The Indiana Supreme Court, Straw's former employer, imposed 180 days of suspension that it left in place for over 8 years.<br><br>IADC did not consult the federal judges in the 4 federal cases used to impose Rule 3.1 sanctions on Straw. |

because the lawyer expects to develop vital evidence only by discovery. What is required of lawyers, however, is that they inform themselves about the facts of their clients' cases and the applicable law and determine that they can make good faith arguments in support of their clients' positions. Such action is not frivolous even though the lawyer believes that the client's position ultimately will not prevail. The action is frivolous, however, if the lawyer is unable either to make a good faith argument on the merits of the action taken or to support the action taken by a good faith argument for an extension, modification or reversal of existing law.

[3] The lawyer's obligations under this Rule are subordinate to federal or state constitutional law that entitles a defendant in a criminal matter to the assistance of counsel in presenting a claim or contention that otherwise would be prohibited by this Rule.

https://rules.incourts.gov/Content/prof-conduct/rule3-1/current.htm

While the comments to Rule 3.1 say that law reform is allowed and not to be punished, states do not follow this and distinguish reform from frivolous without any cohesive explanation of why from one case to another.

It is worthwhile noting the ABA's Model Rule and comments since Indiana took its Rule 3.1 from the ABA's version.

A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not

Moreover, in 3 of the 4 cases, Straw was proceeding *pro se* and not for anyone else.

In one case, the judge dismissed without prejudice based on standing. The word frivolous was not even uttered but Indiana Supreme Court *inferred it*.

So, Indiana is the extreme case of imposing what is a deprivation of a law license property amounting to an excessive fine under the 8th Amendment and then not applying the Rule of Lenity to this type of criminal punishment under Rule 3.1. The 7th Circuit said attorney discipline is quasi criminal in nature, usually from an attorney's serious dishonest acts or crimes above the level of misdemeanor.

*In re Ming*, 469 F.2d 1352, **1355** (7th Cir. 1972):

"As on an initial matter, we would not conceive that every Tom, Dick and Harry of a misdemeanor would serve as a basis for suspension. Secondarily, but conceivably of genuine significance, there is the matter of the duration of the suspension. Extenuating circumstances tending toward a minimization of the penalty very probably would require a hearing for proper development."

Straw has been suspended in Indiana state and federal law licenses for over 8 years based on this attack by his former employer.

*See also*:
*In re Ruffalo*, 390 U.S. 544, 551 (1968):

| | |
|---|---|
| frivolous, which includes a good faith argument for an extension, modification or reversal of existing law. A lawyer for the defendant in a criminal proceeding, or the respondent in a proceeding that could result in incarceration, may nevertheless so defend the proceeding as to require that every element of the case be established.<br><br>Comments to ABA Model Rule 3.1 | "These are adversary proceedings of a *quasi*-criminal nature. Cf. In re Gault, 387 U. S. 1, 387 U. S. 33."<br><br>But in Straw's case, he was accused of no crime and accused of no dishonest act.<br><br>It should be noted who made the complaint. In Straw's Rule 3.1 case, an officer of the Indiana Supreme Court made the complaint shortly after Straw made an ADA complaint/petition about his former employer, the Indiana Supreme Court.<br><br>Even with over 50 defendants in the 4 cases Indiana used against Straw, no defendant made a complaint about Straw to the IADC.<br><br>Even with over 50 very talented law firms and lawyers representing those 50+ defendants, none of those lawyers made any disciplinary complaint against Straw under ABA Model Rule 8.3. With that level of opposition counsel, this lack of complaints shows there was no reason to complain in their view given they have obligations to complain if there are ethical violations under ABA Model Rule 8.3.<br><br>So, with 100+ different defendants, lawyers, and judges NOT asking Indiana Supreme Court to sanction Straw, IADC made a late verified complaint beyond the 1 year limit (R. 23, Section 10(h)) and pursued it to a very long suspension that has dragged on for 8 years after IADC offered NO SANCTION with Disability Status in 2016 to Straw. |

|  | It seems like Indiana Supreme Court just doesn't like Andrew Straw playing in its playbox and his former employer and its friends in the state and federal courts are ==throwing sand in his eyes==, unjustly, and using ==frivolous as the arbitrary weapon of choice==. |
|---|---|
|  | His cases and arguments were not frivolous. They were just rejected. Losing is not an ethical violation of itself. |
|  | The first sentences of the disciplinary complaint ==mentioned Straw's mental illness== as the reason for making it, which should have suggested a ==**Rule 8.4(g) disability discrimination problem**==, but that was rejected in allowing the attack to proceed. |
|  | Rule 3.1 in Virginia can only be enforced when the lawyer's actions were ==**"totally frivolous."**== This is likely an application of the **Rule of Lenity** because these are criminal sanctions on a lawyer. |
|  | The Virginia State Bar evaluated this Indiana suspension and said that Straw's actions were ==**not "totally frivolous"**== because they had facts, documents, and legal theories, and any case with those features cannot be **totally frivolous**. |
|  | VSB said that Indiana's suspension, "had all the grace and charm of a drive-by shooting." That suggested that discrimination and retaliation were motivating that discipline against Straw with a lack of due process protections and with conflict abounding in the officers involved. |

|  | VSB said that Straw had proven to a level of ==clear and convincing evidence== that his actions in federal court ==would not merit any sanction in Virginia whatsoever==. That's like proving innocence in a criminal case.<br><br>This while Virginia has the exact same ABA Model Rule 3.1 to enforce.<br><br>Indiana says it can INFER frivolous and impose long suspensions on that basis. Indiana has no defense that a case is not totally frivolous. The Indiana Supreme Court gets to take federal criticism dicta and turn it into suspension.<br><br>Douglas Bernacchi has explained this in affidavits and statements, that Straw both should not have been punished, but also that he should won his cases in federal court because they had merit.<br><br>http://bernacchi.andrewstraw.com<br><br>Indiana's comments say "However, ==the law is not always clear and never is static==. Accordingly, in determining the proper scope of advocacy, account must be taken of the law's ambiguities and potential for change."<br><br>But in application of Rule 3.1, the Indiana Supreme Court picks sides, uses favoritism in generating the complaint, generating the verified complaint, not following its own statute of limitations rule (Rule 23, Section 10(h)), and looks for anything it might use in any other federal court case to attack a former disabled employee like Straw. |

|  | The situation with Straw is intense and personal because this is a dispute over disability law applying to his former employer and retaliation for him using the ADA, Title II, to limit what the Indiana Supreme Court can do.<br><br>The ADA, Title II, applies to state courts and there is no immunity for public entities.<br><br>*Tennessee v. Lane*, 541 U.S. 504 (2004)<br><br>*Barnes v. Gorman*, 536 U.S. 181 (2002)<br><br>Straw is disabled and this was adjudicated by many state and federal courts. He accused his former employer of discrimination. The ADA coordinator for that former employer mentioned his complaints in attacking him for making frivolous lawsuits, clearly as a legal defense to undermine Straw's accusations about that Court. These are facts and the VSB rejected the Indiana suspension.<br><br>In addition to no person outside the Indiana Supreme Court demanding a Rule 3.1 sanction against Straw, VSB said it would not reciprocally suspend and the Fourth Circuit U.S. Court of Appeals in Virginia also has left Straw with an Active in Good Standing license from 1999-2025 even with full knowledge of what Indiana Supreme Court said.<br><br>The federal courts in the Midwest imposed ==reciprocal sanctions for what happened in their courts without any Rule 11(c) due process.== No hearing was provided in the original cases or in the reciprocal cases. |

|  | The 7th Circuit allowed these reciprocal sanctions without any hearing and would not allow Straw to resign 2 of the law licenses in Indiana: INND & INSD.<br><br>Lack of hearing reciprocal sanctions allowed by Court of Appeals: *Straw v. USDC*, 17-2523 (7th Cir. 2017)<br><br>Thus, *dicta* became suspension sanctions that Straw cannot protest with resignation. *Straw v. USDC*, 18-2192 (7th Cir. 2018)<br><br>So, Indiana's Rule 3.1 allows federal district courts to impose sanctions in their cases by waiting for the Indiana Supreme Court to attack based on federal judge *dicta* with no Rule 11(c) due process, and then impose sanctions reciprocally that would not have been allowed without a hearing in the original courts.<br><br>Thus, Straw's suspension was an abuse of the concept of frivolous and done to oppress his civil rights cases for disability and constitutional rights.<br><br>==Rule 3.1 can be abused. Frivolous can be abused.== It was abused in Straw's case.<br><br>Straw has described the state court interference and involvement in the federal court sanctions decisions as violating federalism. It does violate federalism. State courts have been without power to do this since 1941 because of a precedent that is law in every circuit, but that is not followed in Straw's case. *Crosley Corporation v. Hazeltine Corporation*, 122 F.2d 925, ==929== (3d Cir. 1941) |

|  | These frivolous-based attacks on Straw amount to **unconstitutional attainder** because Straw was not able to know in advance how the cases would turn out or whether a judge would be so critical when he presented facts, documentation, and legal theory in every single case he filed.<br><br>His **First Amendment** right to use courts and **petition to them** and to them has been denied and abused.<br><br>Frivolous designations can be used to **attack new civil rights theories**.<br><br>It can be used to **close courts** to people disfavored by courts and judges.<br><br>It can be used to **get around due process and the right to a hearing before losing a federal law license to suspension**.<br><br>"Frivolous" abuses can impose **criminal penalties without the protections of a criminal defendant** like the Rule of Lenity or the 8th Amendment prohibition on excessive fines.<br><br>Indiana Supreme Court refused to enforce the 8th Amendment 5-0 but was overturned 9-0 on an excessive fines case. *Timbs v. Indiana*, 586 U.S. 146 (2019).<br><br>It is arguable that **any suspension was an excessive fine**, especially when Straw paid the IADC's costs even on his low SSDI income in 2021. |
|---|---|